■ In the Matter of TRAVIS S., a Person Alleged to be a Juvenile Delinquent, Appellant. [706 NYS2d 162] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court,

Kings County (Hepner, J.), entered May 14, 1999, which, upon a fact-finding order of the same court, dated January 27, 1999, made after a hearing, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of false personation, adjudged him to be a juvenile delinquent and conditionally discharged him. The appeal brings up for review the fact-finding order dated January 27, 1999.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The appellant was stopped by the police for driving a car with two broken taillights. A police officer questioned him about his pedigree information at the scene and he told her that his name was Travis Lewis, that he had no driver's license, and that he was 16 years old. At the police station, Officer Fischer again asked the appellant for his pedigree information and told him, "If you are not 16 years old and you are lying it will be a new charge, it's false impersonation, if you are lying about any part of your pedigree information, a new charge will be upon you". The appellant repeated the same information he had previously given to her. He also informed her that his birthday was March 1, 1982, and that he lived at 390 Riverdale. Approximately five hours later, the officer learned that the appellant's true name, address, and birthdate were other than what he had stated.

Contrary to the appellant's contention, the Family Court properly found that the officer had sufficiently warned him, in accordance with Penal Law § 190.23, of the consequences of providing false pedigree information. Moreover, there is no support in the record for the appellant's claim that he did not understand what Officer Fischer meant by the word "charge". Accordingly, there is no basis to disturb the order of disposition of the Family Court.

The appellant's remaining contention is without merit. Mangano, P. J., Bracken, McGinity and Luciano, JJ., concur.